UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

### Case Number:  14-24578-CIV-MARTINEZ-GOODMAN

GEORGE PERCIVAL FRANKLIN,

     Plaintiff,

vs.

RYDER TRAUMA CENTER, et al,

     Defendants.

_____/

### ORDER DISMISSING COMPLAINT

THIS CAUSE came before the Court upon Plaintiff George Percival Franklin's

("Plaintiff['s]") Application to Proceed in District Court Without Prepaying Fees or Costs

("Motion for Leave to Proceed *in Forma Pauperis*" or "Motion") [ECF No. 3].  Plaintiff, a *pro se*

litigant, has not paid the required filing fee and, therefore, the screening provisions of 28 U.S.C.

§ 1915(e) are applicable.

**I.**    **Standard of Review**

In assessing whether a plaintiff may proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)

(2006) requires a court to dismiss a case at any time if the court determines that the case is

frivolous or fails to state a claim on which relief may be granted.

A complaint is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989); *see also Bilal v. Driver*, 251 F.3d 1346, 1349 *(11th Cir.*

2001).  A court may dismiss a complaint for frivolity under § 1915(e) when the legal claim is

"indisputably meritless, the facts are far-fetched or baseless, or both."  *Cofield v. Ala. Pub. Serv.*

*Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).

The same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6) governs a dismissal under Section 1915(e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

## II. Factual Background

Plaintiff brings this suit against Defendants Dr. Edward B. Lineen ("Dr. Lineen"), Ryder Trauma Center ("RTC") and Jackson Health Center pursuant to 42 U.S.C. § 1983. On or about December 12, 2012, Plaintiff alleges that he was treated at RTC by Dr. Lineen for a gunshot wound to the right forearm. [ECF No. 1 at 5]. Plaintiff alleges that Dr. Lineen told him that he had not sustained any nerve damage or damage to his tendons, and would make a full recovery. *Id.* Notwithstanding, Plaintiff claims that a November 8, 2013 independent medical exam revealed a 10% disability rating. *Id.* Further, Plaintiff considers himself permanently disabled and characterizes his injuries as "irreversible and permanent deformities" directly attributable to the neglect and misdiagnosis at RTC by Dr. Lineen. *Id.*

## III. Analysis

"Federal courts are of limited jurisdiction that generally can consider only cases that

-2-

involve federal questions or that meet requirements for diversity jurisdiction." *Fabre v. Bank of Am. Bank, NA*, 523 F. App'x 661, 663 (11th Cir. 2013). Federal question jurisdiction only exists when the plaintiff's action arises under the Constitution, laws, or treaties of the United States. *Id.*; 28 U.S.C. § 1331. A federal court may also exercise diversity jurisdiction over civil actions involving citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Ultimately, the party who invokes the jurisdiction of the court has the burden of establishing jurisdiction. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1216 (11th Cir. 2007). By filing the action in federal court, therefore, the plaintiff makes a representation that the action belongs before the court. *Id.* Additionally, Federal Rule of Civil Procedure 8(a) requires the plaintiff to set forth in the complaint the factual support for jurisdiction. *Id.* citing Fed. R. Civ. P. 8(a). Accordingly, the burden falls to the plaintiff to establish jurisdiction.

In the case *sub judice*, Plaintiff has failed to demonstrate that either federal question or subject matter jurisdiction exists. Plaintiff's Complaint is titled "Complaint Under the Civil Rights Act, 42 U.S.C. § 1983." [ECF No. 1]. To state a claim under Section 1983, Plaintiff must show both that (1) Defendants deprived him of a right, privilege, or immunity secured by the Constitution or the laws of the United States, and (2) Defendants acted under the color of state law. *West v. Adkins*, 487 U.S. 42, 48 (1988); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 1001). "A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state." *Griffin*, 261 F.3d at 1303 (citing *Almand v. DeKalb Cty., Ga.*, 103 F.3d 1510, 1513 (11th Cir.), *cert. denied*, 522 U.S. 966 (1997). Plaintiff, however, has failed to plead any Constitutional violation. Even under the relaxed pleading standard afforded to *pro se* litigates, *see Abele v. Tolbert*, 130 F. App'x 342, 343 (11th

-3-

Cir. 2005), Plaintiff's Complaint fails to meet the foregoing standards.  Rather, construing the Complaint liberally, Plaintiff appears to assert claims for state law medical malpractice and negligence.

Plaintiff also fails to allege facts to demonstrate that Defendants acted under color of state law.  "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'"  *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)).  Indeed, the Complaint is devoid of any facts alleging that Dr. Lineen, RTC or Jackson Health Center was either acting under the color of state law, or could be deemed a state actor.  Plaintiff, therefore, has failed to plead federal question jurisdiction.

Moreover, it is unclear from the Complaint whether diversity jurisdiction exists.  Diversity jurisdiction exists when complete diversity of citizenship exists between the adverse parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a).  Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff.  28 U.S.C. § 1332; *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990); *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) (per curiam).  Here, the Complaint does not indicate whether all Defendants are citizens of any state other than the State of Florida. Although Plaintiff identifies his address as located within Miami, Florida, he does not indicate where Dr. Lineen resides, nor does he specify the location of RTC or Jackson Health Center. While the Court may be generally aware of the physical location of the entity Defendants, it cannot intuit the location of their incorporation, nor the location of Dr. Lineen's residence, as it is information conspicuously absent from the Complaint.  Where the Court cannot determine

-4-

whether complete diversity exists among the parties to this action, there is no basis to support a finding that Plaintiff meets the requirements for diversity jurisdiction. Accordingly, there is no diversity of citizenship jurisdiction in this case.

**IV.     Conclusion**

Neither federal question jurisdiction nor diversity jurisdiction exists here. Accordingly, it is hereby

ORDERED AND ADJUDGED that:

1.     Plaintiff's Complaint [ECF No. 1] is **DISMISSED with prejudice**.

2.     The Clerk shall **CLOSE** this case and **DENY ALL PENDING MOTIONS AS MOOT**.

DONE AND ORDERED in Chambers at Miami, Florida, this $\chi$ day of December, 2014.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Goodman
All Counsel of Record

-5-